OPINION
{¶ 1} This is an appeal by Barry J. Politi, M.D. ("appellant"), from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Medical Board ("appellee") denying appellant's application to practice medicine in Ohio.
 {¶ 2} Appellant raises two assignments of error in support of his appeal as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO *Page 2 
IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IN ACCORDANCE WITH LAW.
 {¶ 3} Appellant first applied for a license to practice medicine in Ohio by filing an application in 2001 but the application was denied due to errors and irregularities in appellant's self-reporting of his education and training history, namely failure to provide required information concerning disciplinary-type action during appellant's medical residency in South Carolina.
 {¶ 4} On June 14, 2004, appellant again applied for a medical license from appellee. On December 8, 2004, appellee issued a "Notice of Opportunity for Hearing" to appellant alleging a violation of R.C. 4731.22 by appellant by "making a false, fraudulent, deceptive or misleading statement * * * in securing or attempting to secure any certificate to practice or certificate of registration issued by the board." The board also alleged that appellant had failed to furnish satisfactory proof of good moral character as required by R.C. 4731.08. This notice referenced a failure to report a warning during appellant's earlier residency at the University of Pittsburgh in violation of the requirement to report any serious adverse action.
 {¶ 5} Appellant requested a hearing and appellee scheduled a hearing for April 21, 2005 to be conducted by a hearing examiner. Prior to this hearing, appellee issued to appellant a second notice of opportunity to request a hearing alleging that appellant had failed to notify appellee that, on February 1, 2005, he had been placed on *Page 3 
probation at the residency program at the University of Mississippi as required as part of the application process.
 {¶ 6} On November 8, 2004, the faculty and director of an emergency residency program at the University of Mississippi had issued a written "faculty evaluation" advising appellant that several areas of his performance were in need of "significant progress" and also removing him from the PICU rotation and also stated that "lack of proper improvement" would result in appellant being placed on probation status. Appellant consulted an attorney and was advised that the faculty evaluation was work evaluation which did not need to be reported to appellee. However, the attorney had obtained a copy of the faculty evaluation from the Mississippi residency program but it did not include the last page which contained the warning that appellant would be placed on probation if his performance did not improve. Thereafter, on February 1, 2005, appellant was placed on probation by the University of Mississippi residency program because of lack of judgment in stressful situations, lack of insight into patient problems, deficiency in medical knowledge and development of an appropriate differential diagnosis. The notice also indicated that most of the issues were "not remediable." Appellant did not notify appellee of the probation warning until April 4, 2005. During the interim, on March 2, 2005, appellant's residency contract was not renewed by the University of Mississippi residency program and he was removed from clinical duties.
 {¶ 7} Appellant admitted he knew he was required to report his being placed on probation at the University of Mississippi but did not recall that he was required to do so immediately. Appellant again consulted counsel as to the February 1, 2005 probation and was advised to report the information to appellee. *Page 4 
 {¶ 8} Appellant did request a hearing with respect to the second notice and requested that the two hearings be consolidated. Upon this application of appellant, the two hearings were consolidated and the hearing was held on April 21, 2005 as scheduled.
 {¶ 9} The hearing examiner in his report and recommendation stated as follows:
 In April 2003, when the Board denied Dr. Politi's first application, it did not make the denial permanent, thus giving Dr. Politi an opportunity to reapply for a certificate to practice medicine and surgery in Ohio and to provide full candid disclosure in his next application. In June 2004, Dr. Politi submitted a second application for an Ohio certificate. Unfortunately, in his second application, Dr. Politi failed to fulfill his obligation to provide timely disclosure to the Board of all relevant facts concerning his ER Residency. Accordingly, Dr. Politi's pending application should be permanently denied.
 {¶ 10} On November 9, 2005, appellee issued an order approving and confirming the findings of the hearing examiner and permanently denied appellant's application for medical license.
 {¶ 11} Appellant appealed appellee's November 9, 2005 order to the Franklin County Court of Common Pleas. Upon considering an appeal from appellee, the common pleas court does not consider the matters de novo, nor make evidentiary findings but, instead, is limited to determining whether the board's order is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12,Pons v. Ohio State Medical Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} The Supreme Court of Ohio has also held that the General Assembly has granted appellee a broad measure of discretion. SeeArlen v. State (1980), 61 Ohio St.2d 168, 174. *Page 5 
 {¶ 13} Upon appeal to this court of a judgment of the common pleas court affirming an order of a state agency pursuant to R.C. 119.12, this court is limited to determining whether the common pleas court abused its discretion in finding appellee's order to be supported by reliable, probative and substantial evidence and whether the agency order is in accordance with law. Pons, supra.
 {¶ 14} Turning to specific consideration of the assignments of error, by his first assignment of error, appellant contends that the trial court abused its discretion in finding the order of appellee to be supported by reliable, probative and substantial evidence.
 {¶ 15} Appellant's argument in support of this assignment of error is essentially an appeal to this court to substitute its judgment for that of the court of common pleas as to whether the evidence supporting appellee's decision is reliable, probative and substantial evidence. As to the original December 2004 notice and charge, appellee determined that there was no violation because the nondisclosure was only of a job evaluation while appellant was in the residency program. The common pleas court held that, since appellee adopted the conclusion of the hearing examiner, that there was insufficient evidence to find a violation with respect to failure to report the incident at the residency program at the University of Pittsburgh, that the allegations of the December notice were no longer at issue and, accordingly, not before the common pleas court. However, with respect to the April 2005 notice, the common pleas court found that the decision of appellee was supported by reliable, probative and substantial evidence. The April notice of appellee alleged appellant failed to disclose both the November 2004 warning and the February 1, 2005 placement on probation in the residency program at the University of Mississippi. The common pleas court also noted that question four on the application for *Page 6 
licensure signed by appellant, stated "[h]ave you ever resigned from, withdrawn from, or have you ever been warned by, censured by, disciplined by, been put on probation by, been requested to withdraw from, dismissed from, been refused renewal of a contract by, or expelled from a medical school, clinical clerkship, externship, preceptorship, residency, or graduate medical education program?" The common pleas court also noted that as part of the application, the applicant also must sign the following statement:
 I further understand that my application for a license to practice medicine or osteopathic medicine is an ongoing process. I will immediately notify the State Medical Board of Ohio in writing of any changes to the answers to any of the questions * * *[.]
 {¶ 16} In its written decision, the trial court stated in concluding that the board order was supported by reliable, probative and substantial evidence, "[t]he evidence shows that Appellant failed to disclose the November 2004 warning that a `[l]ack of major improvement' would result in Appellant being placed on `probation status.' Appellant conceded at the hearing that this constituted a reportable warning, and that he failed to disclose it to the Board. (Tr. 22.) Appellant concedes in his brief that he `should have independently realized the `reportability' of the program's warning." The evidence further discloses that appellant did not disclose the February 1, 2005 probation "immediately" as required by the application, and did not do so until shortly before the April 2005 administrative hearing. The board also had before it evidence that in his 2001 application, appellant had failed to disclose a notice of probation, notice of termination of residency, a warning for medication errors, and a warning for dishonesty. The evidence supports this conclusion of the common pleas court in that it is a reasonable conclusion from the evidence. Even if this court would have reached a different conclusion from the *Page 7 
evidence, we are not permitted to substitute our judgment for that of the trial court, but instead are limited to finding whether or not the trial court abused its discretion in finding the medical board's order to be supported by reliable, probative and substantial evidence. Since the evidence reasonably supports the conclusion of the common pleas court, that court did not abuse its discretion in finding that the order of the medical board was supported by reliable, probative and substantial evidence. Accordingly, the first assignment of error is not well-taken.
 {¶ 17} By his second assignment of error, appellant contends that the trial court erred and abused its discretion in finding the order of the State Medical Board to be in accordance with law.
 {¶ 18} Upon questions of law, this court is not limited by the abuse of discretion standard in viewing decisions of the State Medical Board. Upon questions of law (determining whether the order of the State Medical Board is in accordance with law), the review of this court is plenary and this court independently determines such questions of law. See Thongs v. Ohio State Medical Bd. (1993), 66 Ohio St.3d 619. However, the question under the assignment of error as raised by appellant, is whether the State Medical Board acted without legal authorization, or contrary to the legal authorization that has been granted to it. R.C. 4731.22(A) provides that the State Medical Board "may refuse to grant a certificate to a person found by the board * * * to have committed fraud, misrepresentation, or deception in applying for * * * any certificate to practice or certificate of registration." With respect to the punishment selected by the State Medical Board, neither the common pleas court nor this court is free to substitute its judgment for that imposed by the State Medical Board if the punishment imposed is authorized by law. See *Page 8 Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233. Appellant has not demonstrated that the punishment imposed by the State Medical Board, permanently denying his application for licensure in Ohio, is not authorized by Ohio law. In this regard, it must be noted that appellant previously had an application for licensure denied for similar dishonest conduct and that there were multiple instances of failure to report in the present proceedings. See R.C. 4731.22. Appellant apparently is contending that the punishment is too harsh in relationship to the misconduct of which he was found guilty.
 {¶ 19} In short, appellant has not demonstrated that the State Medical Board acted contrary to law either in determining him to be guilty of the charges which he was found to have committed, nor in choosing the punishment to be imposed, because it falls within the ambit of the authority granted to the State Medical Board in determining the appropriate punishment to be imposed for violation of Ohio law in making application for the certificate to practice medicine in Ohio. The second assignment of error is not well-taken.
 {¶ 20} Having found both assignments of error to be without merit, the judgment of the Franklin County Court of Common Pleas, affirming the decision of the State Medical Board, is affirmed.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
 WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1